**Elisa Turner McRAE, Appellant,**

v.

**Aubrey Homer TURNER, Appellee.**

No. 18539.

Court of Appeals of Texas, Fort Worth.

Dec. 31, 1981.

Kelsey, Wood, Gregory, Duncan & Holt and Ronnie Phillips, Denton, for appellant.

Coleman, Philips, White & Davidge and David C. White, Denton, for appellee.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

OPINION

MASSEY, Chief Justice.

We affirm a dismissal of the suit of Elisa Turner McRae.

Elisa Turner and Aubrey Homer Turner obtained a divorce in 1975 in Denton County, Texas, in which Aubrey was awarded all retirement benefits provided by his employer. In 1979 Elisa (now McRae) filed suit against her former husband, alleging that Aubrey Turner (hereafter Turner) knowingly misrepresented the value of his retirement benefits in order to fraudulently induce her to execute the property settlement which was subsequently adopted by the court. In this action McRae sought an accounting of the actual value of the retirement benefits as of the time of divorce, award of that value plus subsequent earnings thereon, and exemplary damages.

The trial court ordered McRae to amend her pleadings to conform to a bill of review, which McRae refused to do. Following

such refusal, the court dismissed the action. McRae has appealed the dismissal.

By her pleadings, McRae attempted to sue for that portion (as yet undetermined) of the actual value of the retirement benefits in excess of that represented by Turner to McRae at the time of divorce and for subsequent earnings and increases thereof. An accounting would be necessary to determine this sum. She charged that at the time the representations were made Turner knew them to be false, that he acted recklessly and with gross indifference to her rights, and that because of these malicious acts, exemplary damages should also be awarded.

■ The value of the retirement benefits was established by decree of the court at the time of the divorce. Such issue was properly before the court at the time and McRae had full opportunity to litigate the value of that particular asset when the property settlement listing it and its value was considered by the court. McRae could not recover now, even by bill of review, without establishing a different value for these retirement benefits than that specifically found by the trial court in the divorce decree. Such value cannot now be relitigated except through the express provisions for a bill of review, found in Tex.R.Civ.P. 329b (Supp.1981), "Time for Filing Motions". In other words, after the expiration of thirty days from date judgment is rendered or motion for new trial is overruled by a court of competent jurisdiction, the judgment is subject to change only as to clerical errors, but judgment otherwise persists *res judicata* until set aside; and it cannot be attacked or set aside by any method save the exclusive remedy provided by bill of review. *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706 (1961). (Of course, application of what is said as to judgments which are not utterly void and, as such, subject to attack at any time either directly or collaterally.)

■ In essence this suit attempts to do indirectly what the bill of review is designed to accomplish directly, provided of course, that requirements established for the bill of review could be met. Since the value of the retirement benefits was established by the trial court in the divorce proceeding, that value persists as *res judicata* until the divorce judgment is set aside.

We note that this judgment is "voidable" as opposed to "void on its face", it appearing that independent of the charges now raised by McRae for the first time, there is nothing to suggest that the trial court erred in any way in accepting the representations made by Turner and agreed to by McRae in the property settlement. Any fraud charged is clearly intrinsic rather than extrinsic as determined by the rules established in *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996 (1950). If this suit were possible to be considered as a bill of review, as the trial court ordered it to be pled and as the arguments indicate it in reality is, we concur with McRae's brief that the law set forth in *Chapman v. Chapman*, 591 S.W.2d 574 (Tex.Civ.App.—Fort Worth, 1979, no writ) would apply and that she could not meet the requirements for a bill of review.

Dismissal affirmed.