VARTANIAN FAMILY TRUST NO. 1, et al., Appellants,

v.

GALSTIAN FAMILY TRUST, et al., Appellees.

No. 05–86–00342–CV.

Court of Appeals of Texas, Dallas.

Jan. 29, 1987.

John G. Tatum, Dallas, for appellants.

Robert H. Mow, Jr., Bryant C. Boren, Jr., Emily McKillip, Dallas, for appellees.

Before STEPHENS, HECHT and BAKER, JJ.

BAKER, Justice.

Appellants, Vartanian Family Trust No. 1 et al., ("Vartanians") third-party plaintiffs in the trial court, sued appellees, Galstian Family Trust No. 1 et al., ("Galstians") third-party defendants below, for fraud, breach of fiduciary duty, indemnity, and contribution. Galstians answered with the affirmative defense of res judicata and moved for summary judgment. The trial court granted the motion, severed the summary judgment, and dismissed the third-party action for purposes of appeal. Vartanians appeal the granting of summary judgment. For the reasons stated below, we affirm.

The trustees and beneficiaries of the Vartanian and Galstian Family Trusts are members of the respective families. In 1978, the Vartanian and Galstian Family Trusts purchased the Kimberly Woods Apartments on behalf of a joint venture. In 1980, litigation arose between the two families concerning management of the apartments and joint venture funds. In a settlement agreement signed by the parties in March 1981, various properties were divided between the families. The Vartanians received Kimberly Woods Apartments as part of this agreement. The parties released each other (1) from all claims raised in the lawsuit; (2) from all claims raised as "other issues"; and (3) from all claims, known or unknown, that any member of either family may have had against any member of the other. "Other issues" referred to those claims raised by each side in the settlement proceeding other than issues concerning disposition of the jointly held real estate.

In June 1981 pursuant to the settlement the trial court entered its final order dismissing the claims of all parties with prejudice. In March 1983, the Vartanians sold the Kimberly Woods Apartments to Hall Briartree Associates. In April 1984, Hall sued the Vartanians alleging that the Vartanians had fraudulently concealed the existence of termite infestation at Kimberly Woods. The Vartanians then brought this third-party action alleging that the Gals-

tians had fraudulently concealed the existence of termites from the Vartanians. In addition, the Vartanians sought contribution and indemnity from the Galstians for the claims brought by Hall Briartree against them.

■ In their argument under points of error one and two the Vartanians assert that the trial court erred in failing to take judicial notice of the laws of the State of California pursuant to the Vartanians' motion to do so under the provisions of Rule 202 of the Texas Rules of Civil Procedure. We find that this argument is without merit and that Texas law applies to determine the effect of the 1981 judgment of dismissal. Matters of remedy and procedure are governed by the law of the forum where the suit is maintained. *Penny v. Powell*, 162 Tex. 497, 347 S.W.2d 601 (1961).

Turning our attention to applicable Texas authority, we conclude that the Vartanians' argument that res judicata does not apply is likewise without merit.

The Galstians argue that the Vartanians are barred from suing the Galstians on any claim that was or could have been raised in the 1981 lawsuit because of the dismissal with prejudice entered on June 8, 1981. In so stating they cite *Texas Water Rights Comm'n v. Crow Iron Works*, 582 S.W.2d 768, 771 (Tex.1979), wherein the Texas Supreme Court enunciates the rule that "a judgment in the first suit precludes a second action by the parties and their privies not only on matters actually litigated but also on causes of action or defenses which arise out of the same subject matter which might have been litigated in the first suit."

The Vartanians concede and recognize the rule as quoted above, but argue that res judicata does not apply here because the issue of termite damage and the resultant claim of fraud in the inducement was never presented in any manner and they had no knowledge of the claim in order to assert it in the first action.

■ Applicable Texas authority is contrary to the position asserted by the Vartanians. The 1981 judgment of dismissal is conclusive, not only on the matters actually raised and litigated but also on every other matter which the parties might have litigated and had decided as an incident to or essentially connected with the subject matter of the litigation. *Commonwealth of Massachusetts v. Davis*, 140 Tex. 398, 168 S.W.2d 216 (1942); *Rhoades v. Prudential Leasing Corp.*, 413 S.W.2d 404, 407 (Tex. Civ.App.—Austin 1967, no writ). The fraud asserted to have been discovered by the Vartanians after the June 1981 judgment does not vitiate the res judicata effect of that order. *See McRae v. Turner*, 626 S.W.2d 351, 352 (Tex.App.—Fort Worth 1981, no writ). As stated in *McRae*, 626 S.W.2d at 352, "... [the] judgment otherwise persists [as] res judicata until set aside; and it cannot be attacked or set aside by any method save the exclusive remedy provided by bill of review. *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706 (1961)." Although fraud is a ground for setting aside an agreed judgment the other requirements for a bill of review, not alleged here, must also be alleged and proved. Points of error one and two are overruled.

In points of error three and four the Vartanians state that the trial court erred in refusing to permit their claims for contribution or indemnity against the Galstians under the circumstances.

It is well settled that neither contribution nor indemnity can be recovered from a party against whom the injured party has no cause of action. *City of Houston v. Watson*, 376 S.W.2d 23, 33 (Tex.Civ.App.— Houston 1964, writ ref'd n.r.e.); *Safway Scaffold Co. of Houston, Inc. v. Safway Steel Products, Inc.*, 570 S.W.2d 225, 229 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.); *Grove Mfg. Co. v. Cardinal Construction Co.*, 534 S.W.2d 153, 154 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.). This is the situation here. Points of error three and four are overruled.

The judgment of the trial court is affirmed.