**Melinda S. McHUGH, Plaintiff,**

v.

**Joseph E. McHUGH, Defendant.**

**No. 87 C 4037.**

United States District Court,
N.D. Illinois, E.D.

Jan. 5, 1988.

Howard H. Rosenfeld, Norman L. Hafron, Rosenfeld Rotenberg Schwartzman Hafron & Shapiro, Chicago, Ill., for plaintiff.

Robert N. Hermes, Butler Rubin Newcomer Saltarelli & Boyd, Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER

MORAN, District Judge.

Plaintiff Melinda S. McHugh brought this action against her ex-husband Joseph E. McHugh alleging violations of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5, 17 C.F.R. § 240.10b–5. Plaintiff claims that during their settlement negotiations defendant concealed the value of certain marital property—corporate stock—thereby causing plaintiff to relinquish her share of the stock in exchange for other less valuable assets. Defendant moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the transaction that occurred during the settlement negotiations does not meet the definition of a purchase or sale of securities and plaintiff lacks standing to sue under the federal securities laws. For the following reasons we grant defendant's motion.

### FACTS [1]

The parties were married from 1977 to 1984 and during this time defendant formed the Melinda Corporation ("the Corporation") pursuant to Illinois law. The Corporation's assets consisted of 42.5 per cent of the shares of Riddell Sporting Goods, Inc. ("Riddell") and 100 per cent of the shares of Sea Nymph, Inc. ("Sea Nymph").

Upon their separation plaintiff and defendant divided their marital property according to a separation agreement ("the agreement") dated May 1, 1984, which they had negotiated. The terms of the agreement were incorporated in the judgment for dissolution of the parties' marriage.

During their negotiations defendant told plaintiff that he was unable to determine the value of the Corporation's stock. According to the complaint, however, defendant was simultaneously negotiating for the sale of the Riddell stock, which he sold in December 1984 for six million dollars. Plaintiff claims that she relied on defend-

---

1. For purposes of this motion to dismiss, the court assumes the truth of all well-pleaded allegations and will dismiss only if no relief can be granted under any set of facts proven consistent with the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

ant's representation that the value of the stock was not ascertainable and executed the separation agreement that released her rights in all of the Corporation's stock in exchange for other property and maintenance payments. Under the agreement defendant retained full value of the Corporation's stock.

## DISCUSSION

Standing to bring a private action for damages under Section 10(b) or Rule 10b-5 is confined to actual purchasers and sellers of securities. *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 737-38, 95 S.Ct. 1917, 1926, 44 L.Ed.2d 539 (1975). In *Blue Chip Stamps* the Supreme Court adopted the rule articulated in *Birnbaum v. Newport Steel Corp.*, 193 F.2d 461 (2d Cir.), *cert. denied*, 343 U.S. 956, 72 S.Ct. 1051, 96 L.Ed. 1356 (1952), barring certain bystanders from suing under the antifraud provisions of the federal securities laws. *Blue Chip Stamps*, 421 U.S. at 747-49, 95 S.Ct. 1917, 1931-32, 44 L.Ed.2d 539. The Seventh Circuit Court of Appeals has applied a general approach to grant standing to those plaintiffs not excluded under *Blue Chip Stamps* who have "experienced the direct impact of [a] securities transaction." *Norris v. Wirtz*, 719 F.2d 256, 259 (7th Cir.1983), *cert. denied*, 466 U.S. 929, 104 S.Ct. 1713, 80 L.Ed.2d 185 (1984).

While plaintiff has alleged direct injury resulted from defendant's misrepresentation, at the time the parties entered into the agreement she lacked a sufficiently identifiable interest in the Corporation's stock to bring her within the purview of the federal securities statutes. *See Head v. Head*, 759 F.2d 1172, 1174 (4th Cir.1985) (plaintiff without sufficiently identifiable interest in stock lacks standing to sue under federal securities law). In *Head*, the court applied Maryland law which gave the less wealthy wife no interest in property to which her wealthier husband held sole title. *Id.*

In contrast, Illinois law, which controls here, recognizes that plaintiff has a "species of common ownership" interest in all marital property, regardless of whose name appears on the title or which spouse first acquired the property. *In re Marriage of Shehade*, 137 Ill.App.3d 692, 702, 484 N.E.2d 1253, 1260, 92 Ill.Dec. 398, 405 (1st Dist.1985), *cert. denied*, 476 U.S. 1183, 106 S.Ct. 2919, 91 L.Ed.2d 547 (1986); Ill. Rev.Stat. ch. 40, § 503(b), (e). However, Illinois law leaves valuation of the parties' interests in the marital property to the state court. Ill.Rev.Stat. ch. 40, § 503(d) (1983), as amended by Act of August 19, 1983, Pub.L. No. 83-129 (1983).[2] The state court judge divides the marital property "in just proportions considering all relevant factors." *Id.* § 503(c) (enumerating factors for consideration). *See Atkinson v. Atkinson*, 87 Ill.2d 174, 179-80, 429 N.E.2d 465, 467-68, 57 Ill.Dec. 567, 569-70 (1981) (applying just proportions principle). Thus, while plaintiff acquired an interest in the Corporation's stock, this interest is inchoate, measurable only in state court. It is not sufficiently identifiable to make plaintiff a seller of securities for purposes of federal securities laws.

## CONCLUSION

Since plaintiff lacks standing to sue under the federal securities statutes, defendant's motion to dismiss is granted.

---

**2.** Plaintiff has instituted state court proceedings to set aside the parties' divorce decree. *In re Marriage of McHugh*, 84 D 10833 (Cir.Ct. Cook Cty). The court is confident that in these proceedings the state court will resolve the issue peculiarly within its province, namely, the value of plaintiff's interest in the Corporation's stock. Plaintiff's claims of misrepresentation and fraud will also presumably be heard by the state court.