**Kimberly Cooper POWELL**

v.

**Todd David CHAMBERS.**

**Civil Action No. 98–1033–B.**

United States District Court,
M.D. Louisiana.

Aug. 18, 1999.

Dale R. Baringer, Bryan, Schaneville & Baringer, Baton Rouge, LA, John Clark Hopewell, III, Schaneville & Baringer, Baton Rouge, LA, for Kimberly Cooper Powell, plaintiff.

, Walter Loclon Smith, III, Gunn, Smith & Kaster, Baton Rouge, LA, Rodolfo Jesus Aguilar, Jr., Paul S. West, McGlinchey Stafford Lang, Baton Rouge, LA, for Todd David Chambers, defendant.

## RULING

POLOZOLA, Chief Judge.

This Court, on its own motion, questioned whether it had subject matter jurisdiction in this case. The parties were asked to brief the issue for the Court.

After reviewing the entire record, the Court finds that the Court does have subject matter jurisdiction.

## FACTS AND PROCEDURAL HISTORY

In December of 1997, Kimberly Cooper[1] and Todd Chambers entered into a Partition of Community Property. Therein, Ms. Cooper "conveyed, transferred, setover, assigned and delivered" to Mr. Chambers "any and all stock owned in Specialty Lighting, Inc."[2] According to the complaint filed in the present case, Mr. Chambers represented to Ms. Cooper that the stock was worth approximately $800,-000.00. In reliance upon this representation, Ms. Cooper agreed to accept cash payments of approximately $400,000.00 in return for her one-half interest in the Specialty Lighting Stock.

Ms. Cooper, plaintiff herein, alleges that the fair market value of the Specialty Lighting stock was no less than $2,000,-000.00. She claims that the statements made by Mr. Chambers, the defendant herein, during negotiation of the partition agreement as to the value of the stock were materially false and misleading. Plaintiff seeks relief under the provisions of the Securities Exchange Act of 1934 ("the Act"), specifically, 15 U.S.C. § 78j and Rule 10b–5.[3] Plaintiff asserts federal subject matter jurisdiction under 15 U.S.C. § 78aa.

## LAW AND ANALYSIS

Section 78aa provides as follows:

The district courts of the United States ... shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder.[4]

Plaintiff claims that the defendant violated Section 78j(b) when he intentionally misrepresented the true value of the stock during the negotiation of the partition agreement. Section 78j(b) provides as follows:

78j. Manipulative and deceptive devices

It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange—

\*\*\*\*

(b) To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.[5]

The regulations promulgated thereunder provide as follows:

It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,

(a) To employ any device, scheme, or artifice to defraud,

(b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

---

1. At the time the property settlement was confected, the plaintiff herein was named "Kimberly Kay Cooper."

2. Partition of Community Property, filed in the Family Court, Parish of East Baton Rouge. (Doc. No. 1, Exhibit A).

3. Plaintiff also asserts various state law claims.

4. 15 U.S.C. § 78aa (West 1999).

5. 15 U.S.C. § 78j(b) (West 1999).

(c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.[6]

■ In determining whether subject matter jurisdiction exists, the Court's review is limited to a consideration of "whether the complaint is drawn to seek recovery under a federal statute, and if so, determining whether as a matter of law the federal claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or ... is wholly insubstantial and frivolous'".[7] In *Spector v. L Q Motor Inns, Inc.*, the Fifth Circuit held that "[j]urisdiction is not defeated by the possibility that the averments might fail to state a cause of action or because the plaintiff is unable to prove his case."[8] "Such failures call for dismissal on the merits, not on jurisdictional grounds."[9]

■ At first blush, the "domestic relations" nature of the factual circumstances in this case do not seem to fall within the parameters of the Act or the Court's jurisdiction. However, Fifth Circuit jurisprudence supports subject matter jurisdiction of the claim asserted by the plaintiff under the Act.

In *Spector*, a fraud action was brought by Mr. Spector following his divorce and related property settlement. Specifically, Mr. Spector alleged that he purchased BME stock from Mrs. Spector pursuant to the property settlement, but that Mrs. Spector willfully concealed material facts about an ultimately successful public offering that had already been proposed and specific details discussed with the chosen underwriter. The transaction urged by Mr. Spector as a basis for federal jurisdiction was the "sale" of stock pursuant to the property settlement. Reversing the district court's dismissal for lack of subject matter jurisdiction, the *Spector* court stated:

We believe the issue presented here can better be framed as a question of standing to be decided within the framework of the case or controversy requirement of Article III of the Constitution... In determining whether a 10b–5 plaintiff has standing to invoke the federal remedy:

"(T)he first question is whether the plaintiff alleges that the challenged (conduct) has caused him injury in fact, economic or otherwise." The second question is whether "the interest sought to be protected by the complainant is arguably within the zone of interests to be protected" by section 10(b) and Rule 10b–5 thereunder.[10]

The Fifth Circuit in *Spector* stated that "to label this transaction a 'sale' requires no constrained construction of that term [under the Securities Exchange Act]."[11] Continuing, the Fifth Circuit found that the "purchase or sale" referred to in the Act and rule "are not limited to technical common-law sales."[12] Finally, the Spector court ruled that the district court "should have considered more extensively the merits of the controversy in a plenary hearing in order to insure a proper determination of jurisdiction. The jurisdictional and substantive issues are factually meshed."[13]

Fifteen years later, in *Evans v. Dale*,[14] the Fifth Circuit was confronted with similar issues. During a divorce proceeding in state court, Mrs. Evans transferred her

---

**6.** 17 C.F.R. § 240.10b–5 (1999).

**7.** *Spector v. L.Q. Motor Inns, Inc.*, 517 F.2d 278, 281–82 (5th Cir.1975), citing *Bell v. Hood*, 327 U.S. 678, 682–83 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946).

**8.** *Spector*, 517 F.2d at 282.

**9.** *Spector*, 517 F.2d at 282, citing *Bell v. Hood*, 327 U.S. at 682, 66 S.Ct. at 776.

**10.** *Spector*, 517 F.2d at 285, citing *Herpich v. Wallace*, 430 F.2d 792, 805 (5th Cir.1970).

**11.** *Spector*, 517 F.2d at 285.

**12.** *Spector*, 517 F.2d at 286 (citations omitted).

**13.** *Spector*, 517 F.2d at 284.

**14.** 896 F.2d 975 (5th Cir.1990)

community property interest in AMRE stock to her former husband, Mr. Dale. Thereafter, she filed suit in federal district court under the Act claiming that Dale had "grossly misrepresented the value of the AMRE stock prior to the property settlement and had withheld information that the corporation would soon be selling its shares publicly." [15] The district court dismissed the suit without prejudice on the basis of abstention, emphasizing the reluctance of federal courts to decide cases involving matters of domestic law when a state forum is available. The Fifth Circuit vacated the district court's decision, holding that the district court "should retain jurisdiction over Evans' federal securities claims regardless of her relationship to any of the defendants." [16] The court stated the following:

> By deciding the federal securities fraud issues asserted here, the district court will not usurp any part of Texas domestic relations law. It is true that the outcome of the exclusively federal issue may affect the relative value of property distributions which will be made by the Texas court and may even require a redistribution of that property. However, the decision regarding distribution or redistribution under Texas domestic relations law will remain entirely within the authority of the Texas court. If the district court orders disgorgement of the profits made by Dale in stock transactions subsequent to the divorce or takes other remedial action allowed by the federal securities laws, it will do so under its exclusive jurisdiction vested pursuant to those laws. [17]

The court cited its prior decision in *Spector* in remanding the case to the district court to adjudicate the federal securities claims. [18]

Some courts have held to the contrary, primarily on the basis that under relevant state law, the plaintiff did not have a sufficiently identifiable, alienable interest in the securities to effectuate a purchase or sale. [19] Under such circumstances, the plaintiff lacked standing. Under Louisiana law, plaintiff's interest is known and identifiable. Louisiana Civil Code Article 2336 provides for ownership of community property, as follows:

> Each spouse owns a present undivided one-half interest in the community property.
>
> During the existence of the community property regime, the spouses may, without court approval, voluntarily partition the community property in whole or in part. In such a case, the things that each spouse acquires are separate property . . .

*Vinci v. Vinci,* [20] brought in the Middle District of Louisiana, also involved an underlying partition of community property in state court. Mrs. Vinci claimed that during the voluntary partition of the community property, the defendant had grossly misrepresented the value of a share of stock which she conveyed as part of the property settlement. Judge John V. Parker denied the defendant's motion to dismiss for failure to state a cause of action. Although the issue of subject matter jurisdiction was not specifically addressed, the court found that based upon the facts and the plaintiff's ownership interest as a matter of Louisiana law, the plaintiff had stated a cause of action. The court's reasoning supports a finding of subject matter

---

**15.** *Evans,* 896 F.2d at 976. Plaintiff also asserted a RICO claim.

**16.** *Evans,* 896 F.2d at 979.

**17.** *Evans,* 896 F.2d at 979.

**18.** The court determined that plaintiff could have brought her RICO claim during the divorce proceeding.

**19.** *Davidson v. Belcor, Inc.,* 933 F.2d 603 (7th Cir.1991); *McHugh v. McHugh,* 676 F.Supp. 856 (N.D.Ill.1988).

**20.** Civil Action No. 97–197–A, (M.D.La. August 18, 1997).

jurisdiction under the Act in the present case.

Pursuant to the agreement of partition of community property, the plaintiff sold her one-half community interest in the Specialty Lighting stock to the defendant. In consideration for the transfer of the stock and other assets, the plaintiff agreed to accept cash payments. Plaintiff now alleges that the defendant intentionally misrepresented the value of the stock in violation of the provisions of the Act.[21] This Court has subject matter jurisdiction of the claim brought under the Act.

The Court must also determine whether it wants to exercise supplemental jurisdiction over the state law claims. The Court finds that it will not exercise supplemental jurisdiction under 28 U.S.C. § 1367 over the state law claims. The Court's jurisdiction is limited to the claim asserted under the Act. But for the decisions cited above, the Court would have ordered the parties to return to state court to allow the state judge who affirmed the partition to resolve the conflict. While the Court is required to decide the merits of the claim brought under the Act, it does not have to hear all of the state law claims. Because the Court has such discretion and firmly believes that the state court can and should resolve the remaining state claw claims, the state law claims are dismissed without prejudice. Any pending motions pertaining to the state law claims will be reserved for ruling by the state court judges should plaintiff file such a suit in state court.

Therefore,

IT IS ORDERED that this Court has subject matter jurisdiction over the claims brought by the plaintiff under the Securities and Exchange Act.

IT IS FURTHER ORDERED that all state law claims shall be dismissed without prejudice.

---

**21.** Although this Court finds that the act of transferring, assigning, and/or conveying plaintiff's share of the stock to the defendant in exchange for cash constitutes a "sale or purchase" as those terms are broadly defined under the Act, the Court is in no way rendering a final decision of this issue. Not only may the Court again review the Court's jurisdiction, the plaintiff still bears the burden of proving her case.