**Affirmed and Opinion Filed October 25, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-00588-CV

**JOSEPH HEVEY, IN HIS CAPACITY AS CO-TRUSTEE OF THE WILL SLIP 2011 TRUST, Appellant**

**V.**

**MARGARET HUNDLEY, Appellee**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-11-12482**

## MEMORANDUM OPINION

Before Justices O'Neill, Francis, and Evans
Opinion by Justice Francis

Joseph Hevey, in his capacity as co-trustee of the Will Slip 2011 Trust, appeals the trial court's order dismissing Trust claims related to a marriage that occurred thirty-six years ago between Dale C. Bullough and appellee Margaret Hundley. Because we conclude a 2004 final decree of divorce bars the Trust's claims, we affirm.

The summary judgment evidence shows the following. In 1977, Bullough married Hundley because she told him she was pregnant with his child. Dale Jr. was born the following year. Bullough and Hundley remained married for more than twenty years during which time Bullough raised Dale Jr. as his own and financially provided for him and Hundley. In 2001, Hundley filed for divorce. After a two-day trial, the family court finalized the divorce and made a division of the parties' marital estate in August 2004. More than six years later, in November

2010, Bullough learned for the first time that Dale Jr. was not his biological son through DNA testing. The test results were confirmed in May 2011.

Four months later, the Will Slip 2011 Trust was created for the benefit of Bullough and the children of Dale Jr.[1] About the same time, Bullough assigned his claims against Hundley to the Trust, and seventeen days later, the Trust filed this lawsuit. The petition alleged claims for breach of fiduciary duty, common law and statutory fraud, conversion, theft, and quantum meruit. The essence of all the claims was the allegation that Hundley deceived Bullough into marrying her by lying about the paternity of Dale Jr. and continued the lie throughout the marriage. As damages the Trust sought (1) the value of the support Bullough provided Hundley over more than twenty years of marriage, (2) the value of the assets that Hundley received as a division of the marital estate in the divorce, and (3) rescission and return of the parties' art collection. In addition, the Trust sought mental anguish and exemplary damages.

Hundley filed a combined motion to dismiss and motion for summary judgment. Among the grounds raised was the affirmative defense of res judicata. Specifically, Hundley argued the Trust's claims were barred by the 2004 final decree of divorce between Bullough and Hundley because "any claims arising out of the marriage, including any based on any supposed deceit or fraud, would have been properly litigated in the divorce proceedings." Attached to the motion were copies of (1) the Trust's original petition, (2) the assignment of claims executed by Bullough and Hevey as co-trustee, and (3) the final decree of divorce between Bullough and Hundley.

The Trust responded by arguing the claims were not raised in the prior divorce and could not have been raised because Bullough did not know Hundley had lied. Attached to the response

---

[1] The agreement is not dated; however, it was signed by the trustor and two co-trustees in September 2011.

were (1) Bullough's affidavit, (2) the May 13, 2011 DNA results, (3) a copy of the Will Slip 2011 Trust, and (4) a copy of the assignment of claims. After considering the motion and response, the trial court granted Hundley's motion without stating any grounds. This appeal followed.

We review a summary judgment de novo. To prevail, the movant must show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). When a defendant moves for summary judgment on an affirmative defense, she must conclusively prove each element of the defense as a matter of law. *Cricket Commc'ns, Inc. v. Trillium Indus., Inc.*, 235 S.W.3d 298, 303 (Tex. App.—Dallas 2007, no pet.). When reviewing a summary judgment, we accept all evidence favorable to the nonmovant as true, indulge the nonmovant with every favorable reasonable inference, and resolve any doubt in the nonmovant's favor. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985).

The Trust first argues Hundley's motion for summary judgment is legally insufficient because it failed to identify the elements of res judicata or the causes of action to which it applied. Texas Rule of Civil Procedure 166a(c) requires that a motion for summary judgment state the specific grounds for the motion. TEX. R. CIV. P. 166a(c); *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993). The purpose of this requirement is to provide the nonmovant with adequate information to oppose the motion and to define the issues for the purpose of summary judgment. *See Westchester Fire Ins. Co. v. Alvarez*, 576 S.W.2d 771, 772 (Tex. 1978). If the motion contains a concise statement that provides fair notice of the claim involved to the nonmovant, the grounds for summary judgment are sufficiently specific. *Dear v. City of Irving*, 902 S.W.2d 731, 735 (Tex. App.—Austin 1995, writ denied).

Here, Hundley's motion asserted that "[a]ll of the [Trust's] claims are barred" by res judicata. She further asserted the parties were divorced in August 2004 and any claim, even one

based on fraud or deceit, "would have been properly litigated in the divorce proceedings." She then cited three cases to support the legal proposition that "a divorce proceeding is treated as finally resolving claims arising out of the marriage relationship and which could have been litigated in the divorce proceedings." We conclude Hundley's motion gave the Trust fair notice of Hundley's affirmative defense of res judicata, with adequate information to oppose it, and was sufficiently specific to raise the ground as to all claims.

Having concluded the motion was sufficiently specific, we turn to the merits of the case. Res judicata bars the relitigation of claims that have been finally adjudicated or that could have been litigated in the prior action. *Igal v. Brightstar Info. Tech. Group, Inc.*, 250 S.W.3d 78, 86 (Tex. 2008). The policies behind the doctrine reflect the need to bring all litigation to an end, prevent vexatious litigation, maintain stability of court decisions, promote judicial economy, and prevent double recovery. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 629 (Tex. 1992). The elements of res judicata are (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action. *Igal*, 250 S.W.3d at 86.

The Trust challenges only the third element of res judicata, arguing the "parentage of [Dale Jr.] was not at issue at the time of the divorce proceeding because Dale Bullough, Sr. was unaware of any fraud."

"The scope of res judicata is not limited to matters actually litigated; the judgment in the first suit precludes a second action by the parties and their privies not only on matters actually litigated, but also on *causes of action* or defenses which arise out of the same *subject matter* and which might have been litigated in the first suit." *Barr,* 837 S.W.2d at 630 (quoting *Tex. Water Rights Comm'n v. Crow Iron Works*, 582 S.W.2d 768, 771–72 (Tex. 1979) (emphasis added)).

–4–

To determine what constitutes the subject matter of a suit, we analyze the factual matters that make up the gist of the complaint, without regard to the form of action; any cause of action that arises out of those same facts should, if practicable, be litigated in the same lawsuit." *Id*. Joinder of tort claims with a divorce suit is encouraged, when feasible. *Twyman v. Twyman*, 855 S.W.2d 619, 625 (Tex. 1993). Tort claims in such cases, like other civil actions, are subject to the principles of res judicata. *Id*. at 624.

Here, the 2004 divorce ended the marriage of Bullough and Hundley and divided the marital estate. The Trust's causes of action all relate to allegations that Hundley, through deceit and fraud, induced Bullough to marry her and, as damages, the Trust seeks to recover the value of support he provided during the marriage, the value of assets that Hundley received in the divorce, and the art collected by the parties during their marriage. We conclude these claims arise out of facts that could have been litigated in the divorce.

The Trust's argument that Bullough was unaware of any fraud at the time of the divorce is unavailing. This Court has previously concluded that a claim of pre-existing fraud discovered after the first judgment "does not vitiate the res judicata effect" of the judgment. *See Vartanian Family Trust No. 1 v. Galstian Family Trust*, 724 S.W.2d 126, 128 (Tex. App.—Dallas 1987, no pet.). Because we conclude Hundley established her right to summary judgment on the ground of res judicata, we need not address the Trust's remaining issues.

We affirm the trial court's order granting Hundley's motion to dismiss and motion for summary judgment.

120588F.P05

/Molly Francis/
————————————————————————
MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOSEPH HEVEY, IN HIS CAPACITY AS CO-TRUSTEE OF THE WILL SLIP 2011 TRUST, Appellant

No. 05-12-00588-CV      V.

MARGARET HUNDLEY, Appellee

On Appeal from the 192nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-11-12482.
Opinion delivered by Justice Francis;
Justices O'Neill and Evans participating.

     In accordance with this Court's opinion of this date, the Order Granting Defendant's Motion to Dismiss and Motion for Summary Judgment is **AFFIRMED**.

     It is **ORDERED** that appellee MARGARET HUNDLEY recover her costs of this appeal from appellant JOSEPH HEVEY, IN HIS CAPACITY AS CO-TRUSTEE OF THE WILL SLIP 2011 TRUST.

Judgment entered October 25, 2013

                      /Molly Francis/
                      MOLLY FRANCIS
                      JUSTICE